**HNV CENTRAL RIVER FRONT CORPORATION, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 285–89C.

United States Court of Federal Claims.

Jan. 6, 1995.

David O. Bowden, Little Rock, AR, for plaintiff.

Ellen M. McElligott and Jack Kaufman, Civ. Div., U.S. Dept. of Justice, Washington, DC, with whom were Frank W. Hunger, Asst. Atty. Gen., and David M. Cohen, Director, for defendant.

## OPINION

MARGOLIS, Judge.

This case is before the court on defendant's motion to enforce settlement and enter judgment. Plaintiff, through its President, asserts that its attorney lacked the authority to settle its claim under the terms that were agreed to by the parties. Defendant requests the court to enter judgment dismissing both the complaint and counterclaim with prejudice, in accordance with the parties' Settlement Agreement. After careful consideration, the court grants the defendant's motion.

## FACTS

HNV Central River Front Corporation ("HNV") filed this action on May 19, 1989. It sought Uniform Grain Storage Agreement ("UGSA") storage fees, equitable adjustments, and bagging contract fees totalling $1,742,528.05, plus Contract Disputes Act interest, costs, and attorneys' fees. On August 28, 1989, defendant filed an answer and a counterclaim, denying HNV's claim and seeking $3,068,396.61 in damages for HNV's failure to perform its obligations under the UGSA. On February 25, 1992, HNV filed for Chapter 11 federal bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court"). *In re HNV River Front Corporation,* Bankruptcy No. 92–10860–TMB (Bankr.E.D.La. Feb. 25, 1992). After this filing the parties engaged in settlement negotiations concerning the plaintiff's complaint and defendant's counterclaim, including a number of settlement conferences with the court. On November 20, 1992, the court set trial for May 3, 1993. On March 1, 1993, the court held a final, unsuccessful settlement conference. At this meeting HNV's attorney sought to withdraw from the case, offering as his basis HNV's inability to pay his attorney fees. The court granted this request, suspended the trial schedule, and ordered HNV to obtain new counsel by May 12, 1993, or face dismissal. After receiving a thirty day extension, HNV named David O. Bowden as its attorney. On June 24, 1993, the court ordered the trial rescheduled for September 27, 1993.

On July 19, 1993, Bowden entered his appearance for HNV. The Bankruptcy Court, pursuant to an August 30, 1993 Order, approved Bowden's representation of HNV in the United States Court of Federal Claims. On September 13, 1993, HNV moved for the remand of this case to the United States Department of Agriculture, or in the alternative, for the dismissal of its claim without prejudice. Both in the motion, and at the

pretrial conference held on September 15, 1993, HNV stated that, because of a lack of funds, it had no intention of proceeding to trial. On September 17, 1993, the court denied HNV's September 13, 1993 motion.

The parties then entered into negotiations for dismissal of HNV's claim with prejudice. On October 14, 1993, Bowden sent the government a letter in which he stated, "I am authorized to make the following offer of settlement to the government in the above-styled" case. Letter from David O. Bowden, attorney for HNV, to Ellen M. McElligott, attorney, U.S. Department of Justice (October 14, 1993). The settlement offer included HNV's promise to "dismiss its complaint immediately, with prejudice." *Id.* On January 12, 1994, the government accepted HNV's offer in compromise. Bowden subsequently executed the Settlement Agreement on March 8, 1994, in essence incorporating the terms of HNV's October 14, 1993 offer. On March 17, 1994, the government executed the Settlement Agreement.

Pursuant to Bankruptcy Rule 9019, on or about April 14, 1994, the government and HNV jointly filed a Stipulated Motion for Approval of Settlement ("Stipulated Motion") in the Bankruptcy Court. The Stipulated Motion requested that the Bankruptcy Court issue an Order approving the Settlement Agreement. HNV stated that "[d]ue to (1) the uncertainty of [HNV's] obtaining a recovery in the [Court of Federal Claims] Litigation and (2) the cost to [HNV's] estate of continuing to pursue such a recovery, [HNV] has determined that it is in the best interest of the estate and its creditors that [the Bankruptcy Court] approve the [Settlement] Agreement." Stipulated Motion for Approval of Settlement at 1, *In re HNV Central River Front Corp.* (No. 92–10860–TMB).

The Bankruptcy Court scheduled a hearing on the Stipulated Motion for May 25, 1994, with objections to the Stipulated Motion to be filed by May 18, 1994. Notice of the hearing and the deadline was served upon the required parties by the United States.

On May 17, 1994, Lanis J. Viator, President of HNV, wrote to this court:

I requested that my attorney dismiss the claim "as of nonsuit."

Instead, he sent to me a complete release of all claims. I never agreed to that and I told him so. He then proceded [sic] to attempt to dismiss the case with prejudice without my permission. The first time I heard of this was when they sought approval from the Bankruptcy Court.

Letter from Lanis J. Viator, President of HNV, to Hon. Lawrence S. Margolis, Judge, U.S. Court of Federal Claims (May 17, 1994).

On May 25, 1994, the Bankruptcy Court cancelled the hearing scheduled for later that day because neither party had filed objections to the Stipulated Motion. As a result, on June 2, 1994, the Bankruptcy Court granted the Stipulated Motion and approved the Settlement Agreement. HNV has not challenged or appealed this decision. However, since that time plaintiff has been unwilling to abide by the terms of the approved Settlement Agreement, forcing defendant to file the instant motion.

## DISCUSSION

The United States moves, pursuant to Rule 41(b) of the Rules of the Court of Federal Claims, to enter judgment dismissing both the complaint and counterclaim with prejudice, in accordance with the parties' Settlement Agreement. Defendant points to three possible bases for enforcement: 1) HNV's attorney had authority to execute the Settlement Agreement; 2) HNV ratified the Settlement Agreement; and 3) HNV is estopped from denying that its attorney had authority to enter into the Settlement Agreement. Plaintiff, however, has failed to respond to defendant's motion.

*Authority to Execute the Settlement Agreement*

It is well established that "[a]n attorney retained for litigation purposes is presumed to possess express authority to enter into a settlement agreement on behalf of the client, and the client bears the burden of rebutting this presumption with *affirmative proof* that the attorney lacked settlement authority." *Amin v. Merit Systems Protection Bd.,* 951 F.2d 1247, 1254 (Fed.Cir.1991) (emphasis added). Thus, unless HNV rebuts

this presumption with affirmative proof, HNV's attorney is presumed to have had the express authority to settle this case by dismissing it with prejudice. HNV, however, has provided no such proof. In fact, HNV has failed to respond to this motion.

Viator's May 17, 1994 letter to the court cannot serve as the affirmative proof necessary to demonstrate a lack of settlement authority. The letter is little more than a bald assertion, not made under oath, and lacking corroborative documentation. To allow such a statement to rebut the presumption of authority would render it meaningless. *See Id.* (An unsworn statement of a client is "insufficient to rebut the presumption that his chosen counsel did in fact possess the requisite authority."). Furthermore, the record clearly indicates that HNV had no intention of proceeding to trial. The Settlement Agreement negotiated by HNV's attorney simply reflected that reality.[1]

*Ratification of the Settlement Agreement*

 Even were this court to find that HNV's attorney lacked proper settlement authority, HNV would still be bound by the Settlement Agreement because its actions ratified the agreement. Ratification occurs when the principal, upon learning of an unauthorized act of its agent, acquiesces in, or affirms that act through his conduct. *IBJ Schroder Bank & Trust Co. v. Resolution Trust Corp.*, 26 F.3d 370, 375 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1355, 131 L.Ed.2d 213 (1995). Here, Viator knew of the terms of the settlement agreement when the parties sought the approval of the Bankruptcy Court. HNV's bankruptcy attorney, however, executed the Stipulated Motion, representing to the Bankruptcy Court that the Settlement Agreement was "in the best interest of [HNV]." HNV did not file objections to the Stipulated Motion, nor did it object to the Bankruptcy Court's ultimate approval of the agreement. In fact HNV has filed no formal papers with either this court or the Bankruptcy Court challenging the Set-

tlement Agreement. Accordingly, HNV's subsequent actions indicate a ratification of the Settlement Agreement.

*Estoppel*

 Lastly, even if HNV could demonstrate its attorney lacked proper settlement authority, HNV is nonetheless estopped from arguing that position. A party is estopped from denying that its attorney had authority to enter into a settlement agreement when it fails to seasonably disavow the agreement. *See Pueblo of Santo Domingo v. United States*, 647 F.2d 1087, 1089, 227 Ct.Cl. 265, 267 (1981), *cert. denied,* 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982). As previously noted, HNV has filed no formal papers, with either this court or the Bankruptcy Court, objecting to the Settlement Agreement. The only evidence of disapproval is Viator's letter to the court, a letter sent seven months after HNV's attorney formally proposed the terms of the Settlement Agreement. Furthermore, not only has HNV failed to formally object to the agreement, but HNV has actively sought, and ultimately obtained, the Bankruptcy Court's approval of the Settlement Agreement with the full knowledge of its terms. Nothing in the record indicates a seasonable formal disavowance of the agreement, and HNV is thereby estopped from asserting that its attorney lacked proper settlement authority.

## CONCLUSION

For the aforementioned reasons, the court grants defendant's motion to enforce the settlement and enter judgment. All terms of the Settlement Agreement are enforceable. The Clerk will dismiss both the plaintiff's complaint and the defendant's counterclaim with prejudice. Costs for the defendant.

---

**1.** To the extent that Viator's letter expresses his unfamiliarity or dissatisfaction with the settlement agreement, "unfamiliarity with the settlement terms prior to receipt of the agreement or dissatisfaction with the agreement cannot provide a basis to set aside the settlement." *Amin,* 951 F.2d at 1254.