# United States Court of Federal Claims

No. 16-694 C
June 27, 2017

**AMERICAN VANGUARD
CORPORATION,**

*Plaintiff,*

v.

**THE UNITED STATES,**

*Defendant.*

## ORDER AND OPINION

The parties participated in oral arguments with the court during a June 9, 2017 hearing on two motions pending in this case: (1) defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim; and (2) plaintiff's motion to strike certain assertions in defendant's motion to dismiss that it believes are incorrect or immaterial. We dismissed both motions at the conclusion of that hearing for reasons stated on the record. The purpose of this Opinion and Order is to confirm that ruling and to add details in support of the court's decision.

## DISCUSSION

Plaintiff's motion to strike arose from certain allegations in defendant's motion to dismiss that are not consistent with the facts as alleged in its Complaint. The rules of this court contemplate motions to strike certain inappropriate or irrelevant materials that a party might attach to its pleadings. *See* Rule 12(f). However, this rule does not seem to apply to motions of this nature. If we viewed that Rule as applying to the motion here, the assertions in defendant's motion to dismiss nevertheless could not be considered prejudicial to plaintiff's case. If defendant's motion contained contentions that are irrelevant or even damaging to plaintiff's case, we would ignore those contentions. The court will make its own findings of fact and conclusions of law at the conclusion of this case.

Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) are based on contentions that are somewhat overlapping. For example, defendant argues that plaintiff's efforts in federal district court to invalidate a stop order issued by the

Environmental Protection Agency negate plaintiff's takings claim in this court. The reason for this would be that a plaintiff must acknowledge the legality of an agency's action that results in an alleged taking. Otherwise, this court lacks jurisdiction to hear such a claim.

Cases in the United States Supreme Court and in this Circuit have held that "government conduct is [not] 'unauthorized,' for purposes of takings law, merely because the conduct would have been found legally erroneous if it had been challenged in court." *Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1363 (Fed. Cir. 1998) (*see also United States v. Great Falls Mfg. Co.*, 112 U.S. 645, 656 (1884)). "[A] plaintiff may sue in the Court of Federal Claims on a takings claim regardless of whether the government's conduct leading to the taking was wrongful . . . ." *Del-Rio*, 146 F.3d at 1363.

If plaintiff's efforts to invalidate the stop order in district court could have resulted in our losing jurisdiction of this takings claim, the agency Administrator ratified her subordinate's decision to issue the stop order. The Administrator of EPA clearly did possess the authority to issue a stop order. "[R]atification occurs when one with authority learns of an unauthorized act by his agent or subordinate and subsequently acquiesces to or affirms that act by his conduct." *Americopters, LLC v. United States*, 95 Fed. Cl. 224, 233 (Fed. Cl. 2010) (citing *HNV Cent. River Front Corp. v. United States*, 32 Fed. Cl. 547 (1995)). A ratifying official "must have authority to ratify, knowledge of a subordinate's unauthorized act, and then must confirm, adopt, or acquiesce to the unauthorized action of his subordinate." *Americopters*, 95 Fed. Cl. at 233 (quoting *Cal. Sand & Gravel, Inc. v. United States*, 22 Cl. Ct. 19, 27-28 (1990)). The decision to issue the stop order was ratified further by subsequent agency actions, according to plaintiff.

## CONCLUSION

A federal district court ruled that the agency action in this case was not authorized and therefore invalid. The court vacated that agency action, which was the stop order that prompted plaintiff to file this takings claim against the United States. Plaintiff now argues that the unauthorized agency decision was ratified by the Administrator of EPA in the court proceeding described above. Moreover, subsequent actions by the Agency that were consistent with a valid, authorized government ruling likely provided sufficient additional evidence of ratification. The issue of ratification raises legal and factual considerations that may not be resolved fully at this preliminary stage.

Among defendant's arguments for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) was its contention that a plaintiff in a takings case must concede that the Government's alleged taking was authorized and lawful. Plaintiff offered the ratification argument in partial response to defendant's assertion that plaintiff must concede the lawfulness of EPA's action. In addition, case law binding on this court has negated the

position often taken by defendant in response to takings claims against the United States. *See, e.g., Del-Rio,* 146 F.3d at 1363 ("[G]overnment conduct is [not] 'unauthorized,' for purposes of takings law, merely because the conduct would have been found legally erroneous if it had been challenged in court.")

For these reasons, in addition to those explained by the court during oral arguments, plaintiff's motion to strike is DENIED. Defendant's motion to dismiss is DENIED. The parties will agree to proposed deadlines for filings that will lead to motions for summary judgment or to trial within a reasonable time. Reasonableness will be determined in part by considering the date of filing plaintiff's Complaint. The parties' Joint Status Report will be filed no later than July 14, 2017.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*

Robert H. Hodges, Jr.
Senior Judge